**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS CANAS, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| SMITHFIELD PACKAGED MEATS CORP. | ) ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CLASS AND COLLECTIVE ACTION COMPLAINT</u>

NOW COMES Plaintiff Douglas Canas ("Canas" or "Plaintiff") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Class and Collective Action Complaint against Defendant Smithfield Packaged Meats Corp. ("Smithfield") states as follows:

## <u>Nature of the Action</u>

1.      The COVID-19 Pandemic has caused great risk and alarm to factory workers throughout the United States and, in particular, to Defendant Smithfield's employees. The BBC recently referred to Smithfield as having "America's biggest outbreak" of COVID-19.[1] The Kane County Health Department took the unusual step of shutting down a Smithfield facility as a result of the COVID-19 outbreak.[2] In South Dakota, it was reported that Smithfield infections

---

[1] https://www.bbc.com/news/world-us-canada-52311877
[2] https://www.chicagotribune.com/suburbs/aurora-beacon-news/ct-abn-smithfield-foods-covid-19-complaints-st-20200716-juh2l5rmgfeqdjuxgqdozqtczi-story.html

accounted for 55% of the COVID-19 infection rate *in the entire state*.[3]  And, during the first half

of 2020, there were alarming reports on NBC News of a Smithfield employee passing from

COVID-19.[4]  As a result of the allegedly unsafe working conditions, Smithfield employees filed

a highly-publicized lawsuit over workplace conditions.[5]

2.     Despite these dangerous work conditions, Smithfield still needed its workers to show

up to work at its slaughterhouses and distribution centers because it is an enormous pork producer.

As a result, during the Pandemic, it promised its workforce a $5 per hour "Responsibility Bonus"

to show up to work.  This bonus was well-deserved:  these workers were literally risking their

lives by potentially contracting COVID-19.

3.     The law required that when Smithfield's workers received the Responsibility Bonus,

their overtime rate (the so called "regular rate") would also take this payment into account.

However, Defendant did not factor the Responsibility Bonus into the overtime rate and, therefore,

substantially underpaid its workforce when they worked overtime.

4.     As a result, this civil action is brought by the above-named plaintiff who brings this

class and collective action claim for overtime wages under the Fair Labor Standards Act, 29

U.S.C. § 201 *et seq*. ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum

Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* pursuant to Fed. R. Civ. Pro 23.

## **Parties**

5.     Plaintiff worked as an hourly employee for Defendant at its Bolingbrook, Illinois

location.

---

[3] https://www.bbc.com/news/world-us-canada-52311877
[4] https://www.nbcnews.com/news/us-news/woman-heartbroken-smithfield-foods-response-grandfather-s-death-coronavirus-n1202576
[5] https://abcnews.go.com/US/smithfield-foods-employee-sues-working-conditions-amid-coronavirus/story?id=70334480

6.       Defendant Smithfield is a Delaware corporation headquartered at 200 Commerce St. Smithfield, Virginia 23430.  Smithfield  is "a global food company with farms, facilities and offices in the United States, Europe and Mexico.[6] " This includes over 40 production plants, 6 distribution centers, 5 corporate offices, 20 Direct Store Delivery locations, and 16 slaughterhouses located in the United States.

7.       Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

8.       During the last three years, Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

9.       Defendant is the Plaintiff's "employer" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

10.      Defendant is the Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c)

11.      Plaintiff was Defendant's "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1)

12.      Plaintiff was Defendant's "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d)

### Jurisdiction and Venue

13.      Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

14.      Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

---

[6] https://www.smithfieldfoods.com/about-smithfield/our-operations last visited August 17, 2020.

3

**Factual Allegations**

15.     Plaintiff worked for Smithfield within the past three years.

16.     To incentivize employees to work during the Covid-19 pandemic, Smithfield paid Plaintiff and other employees an additional premium rate per hour called "Responsibility Bonus".

17.     For instance, Plaintiff received additional "Responsibility Bonus" of $5.00 per hour for each non-overtime hour worked.  By example: when Plaintiff worked approximately 40 hours he would receive $200 (40 hours * $5 per hour), but during the work week of 7/6/2020-7/12/2020 he worked 35.8 hours and received $179.40 (35.8 hours* $5.00 per hour).

18.     Smithfield stated in an April 24, 2020 press release "During this pandemic, we've added "Responsibility Bonus" premiums to supplement [employee] base rates by more than $3.00 per hour on average."[7]

19.     The "Responsibility Bonus" is given to "all of our production and distribution center team members"  Id.

20.     In this same press release Smithfield claims that under its wage policies: "Overtime wage rates are paid at one and one-half times base wage rates" Id.

21.     However, the FLSA and IMWL require overtime wages of one and one-half times employee's "regular rate" of pay, not "base pay", for all overtime hours.

22.     The "Responsibility Bonus" should have been included when calculating Plaintiff and other employees' regular rate of pay when determining overtime compensation.

23.     The regular rate is computed by dividing an employee's total compensation in the workweek by the total hour worked in the workweek and the regular rate includes all renumeration for employment paid to, or on behalf of, the employee.

---

[7] https://www.smithfieldfoods.com/press-room/company-news/smithfield-foods-addresses-misinformation-as-it-confronts-covid-19 last visited August, 17, 2020.

24.     Smithfield fails to include the "Responsibility Bonus" when calculating Plaintiff and other employee's overtime rates.

25.     This failure results in Plaintiff and others similarly situated being deprived of their full overtime wages.

26.     By way of example:

(a) During the pay period of 6/15/2020-6/21/2020 Plaintiff's base rate of pay was $19.50 per hour. He worked 2.45 hours of overtime and received $200 in "Responsibility Bonus". However, his overtime rate was only $29.25 ($19.50 per hour * 1.5). The overtime rate should have been $36.32 because the regular rate is $24.21 per hour.[8] This resulted in an underpayment of approximately $17.32;

(b) During the pay period of 6/22/2020-6/28/2020 Plaintiff's base rate of pay was $19.50 per hour. He worked 8.35 hours of overtime and received $200 in "Responsibility Bonus". However, his overtime rate was only $29.25 and not $35.45[9]. This resulted in an underpayment of approximately $51.77.

27.     Plaintiff performed his job responsibilities for Defendant in the State of Illinois.

28.     Other similarly situated employees have been employed by the Defendant and have not been paid the required overtime wages at one and one-half times their regular rate of pay.

29.     The named Plaintiff, and similarly situated employees, were not exempt from the overtime provisions of the FLSA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

---

[8] The total compensation is $1,027.78: (($19.50 per hour * 42.45 hours)+$200). Thus, the regular rate is $24.21 ($1,027.78 / 42.45 hours); and the overtime rate is actually $36.32 (1.5 * $24.21).
[9] The total compensation is $1,142.83: (($19.50 per hour * 48.35 hours)+$200). Thus, the regular rate is $23.64 ($1,142.83/ 48.35 hours); and the overtime rate is actually $35.46 (1.5 * $23.64).

30.     Plaintiff seeks to maintain this suit as a nationwide Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23 on behalf of himself and all other non-exempt employees who were not fully compensated for overtime hours worked.

31.     Plaintiff and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week but were not fully paid their overtime hours at one and one-half times their regular rate of pay.

32.     Plaintiff and asserted members of the Collective and Class are similarly situated because, *inter alia*, they all were not paid the required overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week and had such rights undermined and neglected by Defendant's unlawful practices and policies

33.     Defendant has encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

34.     Defendant has known that Plaintiff and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiff and the Class and Collective the required compensation of one and one-half time their regular rate of pay for work in excess of 40 hours.

35.     There are estimated to be thousands of other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

36.     The records, if any, should be in the custody or control of Defendant concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

37.     Plaintiff will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

## COUNT I - FAIR LABOR STANDARDS ACT
**(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

38.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-34.

39.     Under the FLSA, Plaintiff and the Collective were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

40.     The proper overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate.

41.     Defendant failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

42.     Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

43.     Due to Defendant's violations of the FLSA, the FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

A.    A declaratory judgement that Defendant violated the overtime wage provision of the FLSA as to the Plaintiff and similarly situated employees;

B.    A declaratory judgment that Defendant's violations of the FLSA was willful;

B.    Unpaid overtime compensation;

B.    An additional amount equal as liquidated damages;

C.    Prejudgment interest;

D.    Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

E.    Such other and further relief as this Court deems appropriate and just.

**COUNT II - ILLINOIS MINIMUM WAGE LAW**
**(Plaintiff Individually and on Behalf of All**
**Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)**

44.    Plaintiff hereby alleges and incorporates Paragraph 1 through 40 of this Complaint, as is fully set forth herein.

45.    This count arises from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

46.    Under the IMWL, Defendant was and remains obligated to compensate Plaintiff, and similarly situated employees, for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

47.    Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times his regular rate for such overtime work.

48.     By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

49.     As a result of Defendant's policy and practice of withholding overtime compensation, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiff requests the following relief individually and on behalf of similarly situated employees:

A.     A Declaratory Judgement that Defendant violated the minimum wage provisions of the IMWL as to the Plaintiff and similarly situated employees;

B.     A declaratory judgement that Defendant's violations of the IMWL were willful;

C.     Unpaid overtime compensation;

D.     A judgment of punitive damages, including treble damages and statutory interest of 5% per month, as provided by IMWL;

E.     A judgement of reasonable attorney's fees and costs incurred in filing this action; and

F.     Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including FLSA claims.

Dated:  August 19, 2020                          Respectfully Submitted,

                                                 By: /s/ John Kunze
                                                 One of the Attorneys for the Plaintiff

9

David J. Fish
John Kunze
THE FISH LAW FIRM P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
(630)355-7590

www.fishlawfirm.com
docketing@fishlawfirm.com