IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS CANAS and VENESSA MESCHINO, on behalf of themselves and all other plaintiffs similarly situated, ) ) ) ) | Case No.: 1:20-cv-04937 |
| Plaintiffs, ) ) | Hon. Judge John Robert Blakey |
| v. ) ) | |
| SMITHFIELD PACKAGED MEATS CORP., SMITHFIELD FRESH MEATS CORP., and KANSAS CITY SAUSAGE COMPANY, LLC ) ) ) ) ) | |
| Defendants. | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Defendants Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., and Kansas City Sausage Company, LLC ("Defendants") by and through their counsel, file their Answer to Plaintiffs' Second Amended Class and Collective Action Complaint (hereinafter "Second Amended Complaint") as follows:

## Nature of Action

1.      The COVID-19 Pandemic has caused great risk and alarm to factory workers throughout the United States and, in particular, to Defendant Smithfield's employees. The BBC recently referred to Smithfield as having "America's biggest outbreak" of COVID-19.[1] The Kane County Health Department took the unusual step of shutting down a Smithfield facility as a result

---

[1]  https://www.bbc.com/news/world-us-canada-52311877

of the COVID-19 outbreak.[2]  In South Dakota, it was reported that Smithfield infections accounted for 55% of the COVID-19 infection rate *in the entire state*.[3] And, during the first half of 2020, there were alarming reports on NBC News of a Smithfield employee passing from COVID-19.[4] As a result of the allegedly unsafe working conditions, Smithfield employees filed a highly-publicized lawsuit over workplace conditions.[5]

**ANSWER:**    Regarding the allegations of Paragraph 1 of the Second Amended Complaint, Defendants admit only that the BBC published a story about a COVID outbreak at its facility in Sioux Falls, South Dakota in April and that the BBC reported at that time that the outbreak accounted for over half of the COVID-19 cases in South Dakota, that the Chicago Tribune reported on a temporary plant closure at Smithfield's St. Charles, Illinois facility, that NBC reported about a social media post made by a family member of a Smithfield employee who died from COVID-19, and that  ABC ran a story about a lawsuit filed in Missouri over working conditions which the court dismissed.  Defendants deny the remaining allegations of Paragraph 1 and maintain that the allegations in Paragraph 1 have no connection to the claims in this case whatsoever.

2.      Despite these dangerous work conditions, Smithfield still needed its workers to show up to work at its slaughterhouses and distribution centers because it is an enormous pork producer. As a result, during the Pandemic, it promised its workforce a $5 per hour "Responsibility Bonus" to show up to work. This bonus was well-deserved: these workers were literally risking their lives by potentially contracting COVID-19.

---

[2]  https://www.chicagotribune.com/suburbs/aurora-beacon-news/ct-abn-smithfield-foods-covid-19-complaints-st-20200716-juh2l5rmgfeqdjuxgqdozqtczi-story.html
[3]  https://www.bbc.com/news/world-us-canada-52311877
[4]  https://www.nbcnews.com/news/us-news/woman-heartbroken-smithfield-foods-response-grandfather-s-death-coronavirus-n1202576
[5]  https://abcnews.go.com/US/smithfield-foods-employee-sues-working-conditions-amid-coronavirus/story?id=70334480

**ANSWER:** Regarding the allegations of Paragraph 2 of the Second Amended Complaint, Defendants admit only that Smithfield provided some of its workforce with a "Responsibility Bonus" as a gift for showing up for work or taking approved leave during the pandemic. Defendants deny the remaining allegations in Paragraph 2.

3.      The law required that when Smithfield's workers received the Responsibility Bonus, their overtime rate (the so called "regular rate") would also take this payment into account. However, Defendant did not factor the Responsibility Bonus into the overtime rate and, therefore, substantially underpaid its workforce when they worked overtime.

**ANSWER:** Defendants deny the allegations of Paragraph 3 of the Second Amended Complaint.

4.      As a result, this civil action is brought by the above-named plaintiffs who brings this class and collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* pursuant to Fed. R. Civ. Pro 23.

**ANSWER:** Regarding the allegations of Paragraph 4 of the Second Amended Complaint, Defendants admit only that Plaintiffs purport to bring this case under the Fair Labor Standards Act "FLSA" and the Illinois Minimum Wage Law "IMWL". Defendants deny that Plaintiffs or any class Plaintiffs seek to represent are entitled to any remedy or relief under those statutes.

**Parties**

5.      Plaintiffs worked as hourly employees for Defendant Smithfield at its Bolingbrook, Illinois location.

**ANSWER:** Defendants admit the allegations of Paragraph 5 of the Second Amended Complaint only as to Defendant Smithfield Packaged Meats Corp. Defendants Smithfield Fresh Meats Corp. and Kansas City Sausage Company, LLC deny the allegations of Paragraph 5.

6.     Defendant Smithfield is a Delaware corporation headquartered at 200 Commerce St. Smithfield, Virginia 23430. Smithfield is "a global food company with farms, facilities and offices in the United States, Europe and Mexico.[6] " This includes over 40 production plants, 6 distribution centers, 5 corporate offices, 20 Direct Store Delivery locations, and 16 slaughterhouses located in the United States.

**ANSWER;**     Regarding the allegations of Paragraph 6 of the Second Amended Complaint, Defendants admit only that each Defendant is a Delaware corporation headquartered at 200 Commerce Street, Smithfield, Virginia and has plants and distribution centers located throughout the country.  Defendants deny the remaining allegations in Paragraph 6.

7.     Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

**ANSWER:**     Defendants admit the allegations of Paragraph 7 of the Second Amended Complaint.

8.     During the last three years, Defendants' annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

**ANSWER:**     Defendants admit the allegations of Paragraph 8 of the Second Amended Complaint.

9.     Defendants are the Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

**ANSWER:**     Regarding the allegations of Paragraph 9 of the Second Amended Complaint, Defendant Smithfield Packaged Meats Corp. only admits that it employed Plaintiffs.  The remaining Defendants deny that they employed Plaintiffs.

---

[6] https://www.smithfieldfoods.com/about-smithfield/our-operations last visited August 17, 2020.

10.     Defendants are the Plaintiffs' "employer" as defined by the IMWL. 820 ILCS 105/3(c).

**ANSWER:**     Regarding the allegations of Paragraph 10 of the Second Amended Complaint, Defendant Smithfield Packaged Meats Corp. only admits that it employed Plaintiffs. The remaining Defendants deny that they employed Plaintiffs.

11.     Plaintiffs were Defendants' "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1).

**ANSWER:**     Regarding the allegations of Paragraph 11 the Second Amended Complaint, Defendant Smithfield Packaged Meats Corp. only admits that it employed Plaintiffs. The remaining Defendants deny that they employed Plaintiffs.

12.     Plaintiffs were Defendants' "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d).

**ANSWER:**     Regarding the allegations of Paragraph 12 of the Second Amended Complaint, Defendant Smithfield Packaged Meats Corp. only admits that it employed Plaintiffs. The remaining Defendants deny that they employed Plaintiffs.

## Jurisdiction and Venue

13.     Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

**ANSWER:**     Defendants admit that the Court has subject matter jurisdiction over this action.

14.     Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

**ANSWER:**     Regarding the allegations of Paragraph 14 of the Second Amended Complaint, Defendants do not challenge the venue in this Court.

## Factual Allegations

15.     Plaintiffs worked for Smithfield within the past three years.

**ANSWER:**     Defendant Smithfield Packaged Meats Corp. admits the allegations of Paragraph 15 of the Second Amended Complaint.  Defendants Smithfield Fresh Meats Corp. and Kansas City Sausage Company, LLC deny the allegations in Paragraph 15.

16.     To incentivize employees to work during the Covid-19 pandemic, Smithfield paid Plaintiffs and other employees an additional premium rate per hour called "Responsibility Bonus".

**ANSWER:**     Defendants deny the allegations of Paragraph 16 of the Second Amended Complaint.

17.     For instance, Plaintiffs received additional "Responsibility Bonus" of $5.00 per hour for each non-overtime hour worked. By example: when Canas worked approximately 40 hours he would receive $200 (40 hours * $5 per hour), but during the work week of 7/6/2020-7/12/2020 he worked 35.8 hours and received $179.40 (35.8 hours* $5.00 per hour).

**ANSWER:**     Regarding the allegations of Paragraph 17 of the Second Amended Complaint, Defendants admit only that during the workweek ending 7/12/20 Plaintiff Canas received $179.40 in responsibility pay based on 35.8 recorded hours worked.  Defendants deny the remaining allegations of Paragraph 17 and deny any inference arising from these allegations that the Responsibility Bonus was contingent on hours worked.

18.     Smithfield stated in an April 24, 2020 press release "During this pandemic, we've added "Responsibility Bonus" premiums to supplement [employee] base rates by more than $3.00 per hour on average."[7]

---

[7]  https://www.smithfieldfoods.com/press-room/company-news/smithfield-foods-addresses-misinformation-as-it-confronts-covid-19 last visited August, 17, 2020.

**ANSWER:** In response to the allegations in Paragraph 18 of the Second Amended Complaint, Defendants admit only that the quoted language is from the press release cited in the Second Amended Complaint. Defendants deny any inferences arising from the allegations that are inconsistent with the entire press release.

19. The "Responsibility Bonus" is given to "all of our production and distribution center team members" Id.

**ANSWER:** In response to the allegations in Paragraph 19 of the Second Amended Complaint, Defendants admit only that the allegations paraphrase portions of the press release cited in the Second Amended Complaint. Defendants deny any inferences arising from the allegations that are inconsistent with the entire press release.

20. In this same press release Smithfield claims that under its wage policies: "Overtime wage rates are paid at one and one-half times base wage rates" Id.

**ANSWER:** Defendants deny the allegations in Paragraph 20 of the Second Amended Complaint.

21. However, the FLSA and IMWL require overtime wages of one and one-half times employee's "regular rate" of pay, not "base pay," for all overtime hours.

**ANSWER;** The allegations of Paragraph 21 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

22. The "Responsibility Bonus" should have been included when calculating Plaintiffs' and other employees' regular rate of pay when determining overtime compensation.

**ANSWER:** Defendants deny the allegations of Paragraph 22 of the Second Amended Complaint.

23.     The regular rate is computed by dividing an employee's total compensation in the workweek by the total hour worked in the workweek and the regular rate includes all renumeration for employment paid to, or on behalf of, the employee.

**ANSWER;**     The allegations of Paragraph 23 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

24.     Smithfield fails to include the "Responsibility Bonus" when calculating Plaintiffs' and other employee's overtime rates.

**ANSWER:**     Regarding the allegations of Paragraph 24 of the Second Amended Complaint, Defendants admit only that they did not include the "Responsibility Bonus" in Plaintiffs' overtime rate calculation and maintain that they were not required to.  Defendants deny the remaining allegations of Paragraph 24.

25.     This failure results in Plaintiffs and others similarly situated being deprived of their full overtime wages.

**ANSWER:**     Defendants deny the allegations of Paragraph 25 of the Second Amended Complaint.

26.     By way of example:

(a)     During the pay period of 6/15/2020-6/21/2020 Canas' base rate of pay was $19.50 per hour. Canas worked 2.45 hours of overtime and received $200 in "Responsibility Bonus". However, his overtime rate was only $29.25 ($19.50 per hour * 1.5). The overtime rate should have been $36.32 because the regular rate is $24.21 per hour.[8] This resulted in an underpayment of approximately $17.32;

---

[8] The total compensation is $1,027.78: (($19.50 per hour * 42.45 hours)+$200). Thus, the regular rate is $24.21 ($1,027.78 / 42.45 hours); and the overtime rate is actually $36.32 (1.5 * $24.21).

(b)     During the pay period of 6/22/2020-6/28/2020 Canas' base rate of pay was $19.50 per hour. He worked 8.35 hours of overtime and received $200 in "Responsibility Bonus". However, his overtime rate was only $29.25 and not $35.45.[9] This resulted in an underpayment of approximately $51.77.

**ANSWER:**     Regarding the allegations of Paragraph 26 of the Second Amended Complaint, Defendants admit only that Plaintiff Canas' base rate of pay was $19.50 during the two workweeks cited, that he recorded 2.45 hours of overtime during the week ending 6/21/20, and 8.35 hours of overtime during the week ending 6/28/20. Defendants deny the remaining allegations in Paragraph 26.

27.     Plaintiffs performed their job responsibilities for Defendant in the State of Illinois.

**ANSWER:**     Defendant Smithfield Packaged Meats Corp. only admits the allegations of Paragraph 27 of the Second Amended Complaint. The remaining Defendants deny the allegations of Paragraph 27.

28.     Other similarly situated employees have been employed by the Defendant and have not been paid the required overtime wages at one and one-half times their regular rate of pay.

**ANSWER:**     Defendants deny the allegations of Paragraph 28 of the Second Amended Complaint.

29.     The named Plaintiffs, and similarly situated employees, were not exempt from the overtime provisions of the FLSA.

---

[9] The total compensation is $1,142.83: (($19.50 per hour * 48.35 hours)+$200). Thus, the regular rate is $23.64 ($1,142.83/ 48.35 hours); and the overtime rate is actually $35.46 (1.5 * $23.64).

**ANSWER:** Regarding the allegations of Paragraph 29 of the Second Amended Complaint, Defendants admit only that Plaintiffs were classified as non-exempt. Defendants deny the remaining allegations in Paragraph 29.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiffs seek to maintain this suit as a nationwide Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23 on behalf of himself and all other non-exempt employees who were not fully compensated for overtime hours worked.

**ANSWER:** Regarding the allegations of Paragraph 30 of the Second Amended Complaint, Defendants admit only that Plaintiffs purport to bring this lawsuit as a class and collective action but deny that the class or collective that Plaintiffs seek to represent is similarly situated or that class certification is proper.

31.     Plaintiffs and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week but were not fully paid their overtime hours at one and one-half times their regular rate of pay.

**ANSWER:** Defendants deny the allegations of Paragraph 31 of the Second Amended Complaint.

32.     Plaintiffs and asserted members of the Collective and Class are similarly situated because, *inter alia*, they all were not paid the required overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week and had such rights undermined and neglected by Defendants' unlawful practices and policies.

**ANSWER:** Defendants deny the allegations of Paragraph 32 of the Second Amended Complaint.

33.     Defendants have encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

**ANSWER:**     Defendants deny the allegations of Paragraph 33 of the Second Amended Complaint.

34.     Defendants have known that Plaintiffs and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiffs and the Class and Collective the required compensation of one and one-half time their regular rate of pay for work in excess of 40 hours.

**ANSWER:**     Defendants deny the allegations of Paragraph 34 of the Second Amended Complaint.

35.     There are estimated to be thousands of other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

**ANSWER:**     Defendants deny the allegations of Paragraph 35 of the Second Amended Complaint and further deny that the proposed class or collective is similarly situated or that a class or collective should be certified.

36.     The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

**ANSWER:**    Regarding the allegations of Paragraph 36 of the Second Amended Complaint, Defendants admit only that they maintain records of Plaintiffs' pay and work hours.  Defendants deny the remaining allegations in Paragraph 36.

37.    Plaintiffs will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation. Plaintiffs have no interest that is contrary to, or in conflict with, members of the class.

**ANSWER:**    Regarding the allegations of Paragraph 37 of the Second Amended Complaint, Defendants admit only that Plaintiffs have retained counsel that is experienced in employment litigation.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 37.

### COUNT I - FAIR LABOR STANDARDS ACT
**(Plaintiffs Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

38.    The Plaintiffs re-allege and incorporates by reference paragraphs 1-37.

**ANSWER:**    Defendants repeat and reallege their responses to Paragraphs 1 through 37 as though fully restated in response to Paragraph 38.

39.    Under the FLSA, Plaintiffs and the Collective were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

**ANSWER:**    Regarding the allegations of Paragraph 39 of the Second Amended Complaint, Defendants admit only that employees who are non-exempt are entitled to overtime under the FLSA for hours worked over 40.  Defendants deny any inference that it failed to pay Plaintiffs overtime in accordance with the FLSA and denies any remaining allegations in Paragraph 39.

40.     The proper overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate.

**ANSWER:**     Defendants deny the allegations of Paragraph 40 of the Second Amended Complaint.

41.     Defendants failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

**ANSWER:**     Defendants deny the allegations of Paragraph 41 of the Second Amended Complaint.

42.     Due to Defendant's violations of the FLSA, the FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

**ANSWER:**     Defendants deny the allegations of Paragraph 43.  Regarding the unnumbered

WHEREFORE, the Plaintiffs requests the following relief, individually and on behalf of similarly situated employees:

A.      A declaratory judgment that Defendants violated the overtime wage provision of the FLSA as to the Plaintiffs and similarly situated employees;

B.      A declaratory judgment that Defendants' violations of the FLSA was willful;

B.      Unpaid overtime compensation;

B.      An additional amount equal as liquidated damages;

C.      Prejudgment interest;

D.      Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

E.      Such other and further relief as this Court deems appropriate and just.

"WHEREFORE" paragraph that follows Paragraph 42, Defendants deny that Plaintiffs are entitled to any of the relief sought in that paragraph or to any other remedy or relief from Defendants.

## COUNT II - ILLINOIS MINIMUM WAGE LAW
**(Plaintiffs Individually and on Behalf of All
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)**

43.     Plaintiffs hereby allege and incorporate Paragraph 1 through 42 of this Complaint, as is fully set forth herein.

**ANSWER:**     Defendants repeat and reallege their responses to Paragraphs 1 through 43 as though fully restated in response to Paragraph 44.

44.     This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

**ANSWER:**     Regarding the allegations of Paragraph 45 of the Second Amended Complaint, Defendants admit only that Plaintiffs purport to bring this count under provisions of the IMWL but denies that it violated any provisions of the IMWL.

45.     Under the IMWL, Defendants were and remains obligated to compensate Plaintiffs, and similarly situated employees, for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

**ANSWER:**     The allegations of Paragraph 46 contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

46. Plaintiffs were regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times his regular rate for such overtime work.

**ANSWER:** Defendants deny the allegations of Paragraph 47.

47. By failing to pay overtime compensation due to Plaintiffs, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

**ANSWER:** Defendants deny the allegations of Paragraph 48.

48. As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiffs and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

**ANSWER:** Defendants deny the allegations of Paragraph 49.

49. WHEREFORE, Plaintiffs request the following relief individually and on behalf of similarly situated employees:

    A. A Declaratory Judgement that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiffs and similarly situated employees;

    B. A declaratory judgement that Defendants' violations of the IMWL were willful;

    C. Unpaid overtime compensation;

    D. A judgment of punitive damages, including treble damages and statutory interest of 5% per month, as provided by IMWL;

E.   A judgement of reasonable attorney's fees and costs incurred in filing this

action; and

F.   Such other and further relief as this Court deems appropriate and just.

**ANSWER:**   Regarding the unnumbered "WHEREFORE" paragraph that follows Paragraph 48,

Defendants deny that Plaintiff is entitled to any of the relief set forth in that paragraph or to any

other remedy or relief from Defendants.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of act raised by this Complaint,

including FLSA claims.

**ANSWER:**   Regarding Plaintiffs' unnumbered demand for a jury trial, Defendants admit only

that Plaintiffs are entitled to a jury trial on their claims to the extent those claims survive pretrial

dismissal.  Defendants deny that any of Plaintiffs' claims should survive pretrial dismissal.

50.   Defendants deny all remaining allegations in the Second Amended Complaint not

specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES[10]

## FOR A FIRST DEFENSE

Plaintiffs' claims are barred by application of the doctrine of payment.  Plaintiffs, and any

other persons Plaintiffs seek to include in any class or collective action, have been paid all wages

due.

---

[10] By pleading any matter as a defense, Defendants do not concede that they bear the burden of proof with regard to such matter.

## FOR A SECOND DEFENSE

Plaintiffs and other employees of the Defendants who have been employed during the relevant time period have been properly paid for all compensation owed under the FLSA and the IMWL.

## FOR A THIRD DEFENSE

To the extent that Plaintiffs' FLSA claims allege that Defendants did not properly calculate overtime premiums using the weighted average of different non-overtime rates pursuant to 29 C.F.R. § 778.115, some or all of Plaintiffs' claims, and such claims of others Plaintiffs purport to represent, are foreclosed by the exceptions set forth §§ 778.400 and 778.415 through 778.421.

## FOR A FOURTH DEFENSE

Plaintiffs' claims based on alleged willful statutory violations are barred to the extent Plaintiffs cannot establish that any acts or omissions of Defendants were willful.

## FOR A FIFTH DEFENSE

To the extent that the time for which Plaintiffs, or any other person on whose behalf Plaintiffs seek to assert a claim, alleges that they have not been compensated involves only insubstantial or insignificant periods of time, these periods of time are "*de minimis*" as a matter of law, and are not compensable.

## FOR A SIXTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim, are barred in whole or in part by the doctrines of laches, unclean hands, waiver and/or estoppel. By way of illustration and not limitation, Plaintiffs' claims are barred to the extent that Plaintiffs, or any other person on whose behalf Plaintiffs seek to assert a claim, submitted false and inaccurate time records, failed to report time they claim to have worked, or failed to report

time they claim should have been paid at a higher rate. In such situations, Plaintiffs' claims are barred in whole or in part by the by application of the doctrines of waiver, estoppel and unclean hands.

## **FOR A SEVENTH DEFENSE**

To the extent Plaintiffs seek to include in any class or collective individuals who are exempt from the overtime and minimum wage requirements of the FLSA and IMWL, such claims are barred.

## **FOR AN EIGHTH DEFENSE**

Plaintiffs cannot maintain this action as a class or collective action because the **Second** Amended Complaint defines individuals similarly situated and the proposed class by reference to the merits of the claims.

## **FOR A NINTH DEFENSE**

Some or all of Plaintiffs' claims for allegedly unpaid overtime pay under the Fair Labor Standards Act have been satisfied by amounts creditable under 29 U.S.C. § 207(h)(2).

## **FOR A TENTH DEFENSE**

Defendants are entitled to a setoff or credit for any overpayments made to Plaintiffs.

## **FOR AN ELEVENTH DEFENSE**

Plaintiffs' FLSA claims, and the FLSA claims of any other person on whose behalf Plaintiffs seek to assert a claim, are barred to the extent that Defendants' actions have been taken in good faith, in conformity with and reliance upon established rulings, administrative regulations, and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

## FOR A TWELFTH DEFENSE

Plaintiffs and other individual Plaintiffs seek to represent are not entitled to recover liquidated damages under the FLSA and the IMWL because all decisions regarding Plaintiffs' compensation were made in good faith, based upon reasonable grounds, and with the intent to comply with the FLSA within the meaning of 29 U.S.C. § 260 and the IMWL.

## FOR A THIRTEENTH DEFENSE

The Responsibility Bonus paid to Plaintiffs is excludable from the regular rate as a gift under 29 U.S.C. § 207(e)(1).

## FOR A FOURTEENTH DEFENSE

The Responsibility Bonus paid to Plaintiffs is excludable from the regular rate because it is a discretionary bonus under 29 U.S.C § 207(e)(3).

## FOR A FIFTEENTH DEFENSE

The Responsibility Bonus paid to Plaintiffs is excludable from the regular rate to the extent it constitutes payments made for periods in which no work was performed under 29 U.S.C. § 207(e)(2).

## FOR A SIXTEENTH DEFENSE

Defendants are entitled to credits or setoffs against any wages due as provided under the FLSA.

## FOR A SEVENTEENTH DEFENSE

To the extent Plaintiffs' FLSA claims, and the claims of other persons Plaintiffs seek to represent, are premised on allegations that overtime pay was not properly calculated because Plaintiffs were not paid the "promised" regular hourly rate, the claims fail because the proper

regular rate for calculating the overtime premium is the hourly rate actually paid and the FLSA contains no provision requiring payment of promised wages.

Because Plaintiffs' Second Amended Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

## **CONCLUSION**

Wherefore, Defendants deny that Plaintiffs and the other persons whom Plaintiffs seek to represent are entitled to any relief whatsoever under the allegations set forth in the Second Amended Complaint. Defendants request that the Court dismiss the claims with prejudice in their entirety, enter judgment against Plaintiffs and all others Plaintiffs seek to represent, and award Defendants costs, attorneys' fees, non-taxable expenses, taxable costs, interests on those amounts as provided by law and such further relief that this Court may deem appropriate.

Respectfully submitted this 1st day of April, 2021.

/s/Jeffrey L. Rudd

JACKSON LEWIS P.C.

Jeffrey L. Rudd
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601

Telephone: (312) 803-2547
Facsimile: (312) 787-4995
Email: Jeffrey.Rudd@jacksonlewis.com

D. Christopher Lauderdale (SC Fed. Bar No. 9051)
Thomas Chase Samples (SC Fed. Bar No. 10824)
15 South Main Street, Suite 700
Greenville, South Carolina 29601
Telephone: 864-232-7000
Facsimile: 864-235-1381
Email: lauderdc@jacksonlewis.com
         chase.samples@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DOUGLAS CANAS and VENESSA MESCHINO, on behalf of themselves and all other plaintiffs similarly situated, | ) ) ) ) | Case No.: 1:20-cv-04937 |
| Plaintiffs, | ) ) | Hon. Judge John Robert Blakey |
| v. | ) ) | |
| SMITHFIELD PACKAGED MEATS CORP., SMITHFIELD FRESH MEATS CORP., and KANSAS CITY SAUSAGE COMPANY, LLC | ) ) ) ) | |
| Defendants. | | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 1, 2021, the foregoing *Defendants' Answer to Plaintiffs' Second Amended Class and Collective Action Complaint* was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will send notification of such filing as follows:

David J. Fish, Esq.
John Kunze, Esq.
THE FISH LAW FIRM P.C.
200 E. 5th Avenue
Suite 123
Naperville, IL 60563
Phone: 630-322-7590


/s/ Jeffrey L. Rudd
Jeffrey L. Rudd
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601

Telephone: (312) 803-2547

Facsimile: (312) 787-4995
Email: Jeffrey.Rudd@jacksonlewis.com

4840-7440-6627, v. 1