# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS CANAS and VENESSA MESCHINO, on behalf of themselves and all other plaintiffs similarly situated, | ) ) ) ) | Case No.:  1:20-cv-04937 |
| Plaintiffs, | ) ) | Hon. Judge John Robert Blakey |
| v. | ) ) | Mag. Judge Sunil R. Harjani |
| SMITHFIELD PACKAGED MEATS CORP., SMITHFIELD FRESH MEATS CORP., KANSAS CITY SAUSAGE COMPANY, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, on August 21, 2020, Plaintiff Douglas Canas filed a complaint in the above captioned civil action in the United States District Court for the Northern District of Illinois against Defendant Smithfield Packaged Meats Corp. on behalf of himself and other similarly-situated current and former employees of Defendant (the "Lawsuit");

WHEREAS, in the Lawsuit (as amended), Douglas Canas and Venessa Meschino ("Named Plaintiffs") assert, on behalf of themselves and a proposed class of employees, claims against Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., and Kansas City Sausage Company, LLC ("Defendants") for allegedly unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS § 105/1 ("IMWL");

WHEREAS, Named Plaintiffs and Defendants (collectively, the "Parties") conducted a video settlement conference with Magistrate Judge Harjani on February 3, 2020, to discuss a possible resolution of the Lawsuit;

WHEREAS, at the settlement conference, the Parties agreed to the terms of a settlement of the Lawsuit for the Illinois Class Members and FLSA Class Members employed by Defendants;

WHEREAS, it is the desire of all Parties to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the Lawsuit or that reasonably arise out of the facts alleged in the Lawsuit;

1

NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

1. This Settlement Agreement and Release (this "Settlement Agreement") is made and entered into by and between the Named Plaintiffs, individually and on behalf of the FLSA and Illinois Settlement Classes (defined below) (collectively, "Plaintiffs"), and Defendants, and sets forth the terms and conditions of the settlement of the Lawsuit (the "Settlement"). This Settlement is subject to the approval of the Court. The Parties agree to cooperate and take all steps necessary and appropriate to obtain approval of this Settlement and to dismiss this Lawsuit with prejudice upon final judicial approval of the terms and conditions of the Settlement.

## TERMS AND DEFINITIONS

2. **Available FLSA Settlement Share.** "Available FLSA Settlement Share" means the amount of the Net Settlement Fund that is allocated to each FLSA Class Member.

3. **Available Illinois Settlement Share.** "Available Illinois Settlement Share" means the amount of the Net Settlement Fund that is allocated to each Illinois Class Member.

4. **Claims Administrator.** "Claims Administrator" means a third-party settlement claims administrator mutually agreed upon by the Parties and engaged by the Parties to aid in the administration of the Settlement. The duties of the Claims Administrator are defined below, and the Parties will include them in the engagement agreement with the Claims Administrator.

5. **Claim Form.** "Claim Form" means the form included with the notification of the Settlement by which FLSA Class Members can assert a claim and participate in the Settlement.

6. **Class Counsel.** "Class Counsel" means The Fish Law Firm, P.C.

7. **Class Period.** "Class Period" means the period between April 1, 2020 and October 31, 2020.

8. **Court.** "Court" means the United States District Court for the Northern District of Illinois.

9. **Day.** "Day" or "Days" refers to calendar days unless specifically stated otherwise herein. For purposes of determining deadlines under this Settlement Agreement, Fed. R. Civ. P. 6 shall apply.

10. **Defendants.** "Defendants" means Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., and Kansas City Sausage Company, LLC.

11. **Defendants' Counsel.** "Defendants' Counsel" means Jackson Lewis P.C.

12. **Fairness Hearing.** Fairness Hearing means the hearing pursuant to Fed. R. Civ. P. 23(e)(2) held at least 120 days after the entry of the Preliminary Approval Order, at which the Parties

shall seek the Court's final approval of the Settlement.

13. **Fee Award.** Class Counsel shall petition the Court for attorneys' fees not to exceed two million five hundred eighty-three thousand three hundred thirty-three dollars and thirty-three cents ($2,583,333.33) and costs not to exceed two thousand dollars ($2,000). This amount of attorneys' fees and costs will be deducted from the Gross Settlement Fund and is referred to as the "Fee Award".

14. **FLSA.** "FLSA" means the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

15. **FLSA Class Members.** "FLSA Class Members" means members of the FLSA Settlement Class, each of whom are identified by personnel number on Exhibit 1.

16. **FLSA Settlement Class.** The "FLSA Settlement Class" means the Named Plaintiffs and all current and former non-exempt employees of Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., or Kansas City Sausage Company, LLC who worked anywhere in the U.S., including Illinois, anytime during the Class Period, and received at least one Responsibility Bonus payment during the Class Period, and whose weekly pay did not include sufficient overtime to cover all of the overtime that would have been paid had the Responsibility Bonus been included in the regular rate and who file timely consent forms to join this Lawsuit.

17. **Gross Settlement Fund.** "Gross Settlement Fund" means the maximum amount that Defendants are obligated to pay under this Settlement Agreement, which is seven million seven hundred and seventy-five thousand dollars ($7,775,000.00).

18. **Illinois Class Members.** "Illinois Class Members" means members of the Illinois Settlement Class, each of whom are identified by personnel number on Exhibit 2.

19. **Illinois Settlement Class.** The "Illinois Settlement Class" is defined as the Named Plaintiffs and all current and former non-exempt employees of Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., or Kansas City Sausage Company, LLC who worked in Illinois anytime during the Class Period, and received at least one Responsibility Bonus payment during the Class Period, and whose weekly pay did not include sufficient overtime to cover all of the overtime that would have been paid had the Responsibility Bonus been included in the regular rate and who do not file a Request for Exclusion.

20. **IMWL.** IMWL means the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.*

21. **Lawsuit.** The "Lawsuit" means the civil action in the United States District Court for the Northern District of Illinois that Plaintiff Douglas Canas filed on August 21, 2020, as amended, against Defendants Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., and Kansas City Sausage Company, LLC, on behalf of himself and other similarly-situated current and former employees of Defendants.

22. **Named Plaintiffs.** "Named Plaintiffs" means Douglas Canas and Venessa Meschino.

23. **Net Settlement Fund.** The "Net Settlement Fund" means the balance of the Gross

Settlement Fund remaining after deducting from the Gross Settlement Fund the Fee Award or Reduced Fee Award (as applicable), , the Service Awards approved by the Court, the Reserve Fund, the employer's share of payroll taxes, and the fees and expenses of the Claims Administrator. The Net Settlement Fund consists of the total Available FLSA Settlement Shares and the total Available Illinois Settlement Shares.

24. **Notice and Claim Form. "**Notice and Claim Form" means the notification of the Settlement that will be mailed and emailed to FLSA Class Members and Illinois Class Members along with a Claim Form.

25. **Parties.** The "Parties" means the FLSA Settlement Class, the Illinois Settlement Class (including the Named Plaintiffs) and Defendants.

26. **Preliminary Approval Order.** "Preliminary Approval Order" means the Court's order issued in accordance with the terms in Paragraph 43.

27. **Reduced Fee Award.** "Reduced Fee Award" means the amount of attorneys' fees, costs and expenses that the Court may award Class Counsel that is less than the Fee Award.

28. **Releasees.** "Releasees" means Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., Kansas City Sausage Company, LLC, Smithfield Foods, Inc., and W.H. Group Limited, LLC and their respective present and former (a) subsidiaries, divisions, parent companies, holding companies, stockholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, predecessors, successors, and assigns and (b) employee benefit or welfare programs or plans (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced herein.

29. **Request For Exclusion.** "Request For Exclusion" means correspondence received from an Illinois Class Member that requests exclusion from the Illinois Settlement Class.

30. **Reserve Fund. "**Reserve Fund" means twenty thousand dollars ($20,000.00) set aside from the Gross Settlement Fund to cover errors and omissions and to resolve claims by FLSA and Illinois Class Members disputing the amount of their settlement share.

31. **Responsibility Bonus.** "Responsibility Bonus" refers to the additional payments labeled "Responsibility Bonus" and "Responsibility Pay" in the Complaint that Plaintiffs allege should have been included in the regular rate of employees of Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., and Kansas City Sausage, LLC during the Class Period for purposes of calculating overtime. *See* Pls. Am. Compl. ¶¶ 16-25.

32. **Service Awards. "**Service Awards" means the awards of seven thousand five hundred dollars ($7,500.00) for each of the two Named Plaintiffs (for a total of fifteen thousand dollars ($15,000)) to be paid in recognition of each Named Plaintiff's role and participation as a Named Plaintiff in the Lawsuit and in exchange for a general release of each Named Plaintiff's claims.

33. **Settlement Effective Date.** "Settlement Effective Date" means the date on which the Settlement embodied in this Settlement Agreement shall become effective, which date is the later of: (1) the date when the time for appeal of the Court's Final Approval Order of this Settlement Agreement and entry of Judgment dismissing the Lawsuit with prejudice has expired or (2) the date of the final resolution of any appeal or other judicial review of the Settlement if an appeal has been filed and not dismissed.

## NO ADMISSION

34. The Parties acknowledge and agree that there is a good-faith dispute as to whether any amounts for alleged unpaid wages are owed, and they agree that the amount to be paid under this Settlement Agreement represents a good faith compromise of such dispute. Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. In particular, and without limiting the generality of the foregoing, nothing in this Settlement Agreement, nor the consummation of this Settlement, is to be offered, construed or deemed an admission of liability, culpability, negligence, wrongdoing, impropriety, responsibility or fault whatsoever on the part of the Releasees and all such entities and persons expressly deny any liability, culpability, negligence, wrongdoing, impropriety, responsibility or fault whatsoever.

35. In addition, and also without limiting the generality of the foregoing, nothing about this Settlement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying the FLSA Settlement Class and the Illinois Settlement Class in the Lawsuit or any other action for adversarial, rather than settlement, purposes. While Defendants have agreed that class certification is appropriate for settlement purposes, this Settlement Agreement is for settlement purposes only, and Defendants maintain that class certification would be inappropriate if the Parties were to continue litigating the Lawsuit. If this Settlement Agreement is not finally approved by the Court, Defendants' agreement to certification of the FLSA Settlement Class and the Illinois Settlement Class for settlement purposes only shall be null and void and may not be used or relied upon by Plaintiffs, Class Counsel, or any FLSA or Illinois Class Member for any purposes.

## INVESTIGATION AND APPROVAL BY
## CLASS COUNSEL AND DEFENDANTS' COUNSEL

36. Class Counsel and Defendants' Counsel, respectively, have investigated the facts relating to the claims alleged, and have made a thorough study of the legal principles applicable to the claims asserted against Defendants. Class Counsel have investigated the facts relevant to the various claims, including an extensive review of voluminous documents and payroll data produced to Plaintiffs, and have diligently pursued investigation and prosecution of the FLSA and Illinois Class Members' claims against Defendants. Class Counsel expressly acknowledge that there are differences and disputes, stated and unstated, that have arisen or foreseeably could arise between the Parties regarding the facts and law if this Lawsuit were not settled. Class Counsel have exercised their independent judgment and have determined that this Settlement is proper as stated herein after fully taking into account any risk, uncertainty, or unresolved issues or potential issues relating to discovery or

disclosures or the completeness of their investigation, uncertainty as to facts and circumstances, risk of significant delay, risk of loss or limited recovery, disputed interpretations of applicable law, potential future changes in or interpretations of applicable law, and the defenses asserted by Defendants. Based upon Class Counsel's investigation and legal evaluation, and taking into account the sharply contested legal and factual issues involved, the rulings issued in this Lawsuit to date, and Class Counsel's assessment of the uncertainties of complex litigation and the relative benefits conferred upon the FLSA and Illinois Class Members pursuant to this Settlement Agreement, Class Counsel have concluded that a settlement with Defendants on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of FLSA and Illinois Class Members. In making these determinations, Class Counsel and Named Plaintiffs have not relied and do not rely on any assurance of Defendants or Defendants' Counsel that is not expressly stated herein. Defendants and Defendants' Counsel also agree that the Settlement set forth in this Settlement Agreement is a fair, reasonable, and adequate resolution of disputed claims.

## SETTLEMENT AMOUNTS AND ALLOCATION

37.   Defendants agree to make available up to seven million seven hundred and seventy-five thousand dollars ($7,750,000.00) as the Gross Settlement Fund to fully and completely resolve this Lawsuit and in exchange for a release of the claims of the Named Plaintiffs, the FLSA Settlement Class, and the Illinois Settlement Class. Under no circumstances shall Defendants be required to pay more than the Gross Settlement Fund under this Settlement Agreement. Defendants shall not be required to set aside, deposit or transfer any funds except as expressly stated herein and not until after the Settlement Effective Date.

38.   **Payments Out of the Gross Settlement Fund.**

   a.   **Administration of Settlement.** Class Counsel and Defendants' Counsel agree to cooperate to engage an independent Claims Administrator to administer the Settlement, and the fees and expenses of the Claims Administrator shall be paid from the Gross Settlement Fund.

   b.   **Reserve Fund.** The Reserve Fund of twenty thousand dollars ($20,000) will be paid out of the Gross Settlement Fund. Any unused portions of the Reserve Fund shall be donated to Feeding America's COVID-19 Response Fund.

   c.   **Payroll Taxes.** The employer's share of payroll taxes on the wage portion of the Available FLSA Settlement Shares shall be deducted from the Gross Settlement Fund.

   d.   **Service Awards to Named Plaintiffs.** Class Counsel shall apply to the Court for a payment from the Gross Settlement Fund of Service Awards of seven thousand five hundred dollars ($7,500.00) for each of the two Named Plaintiffs in recognition of their roles and participation as Named Plaintiffs and general releases of their claims. These amounts shall be in addition to their shares from the Net Settlement Fund.

Defendants shall not oppose the Service Awards before the District Court but reserve the right to oppose them on appeal. The enforceability of this Settlement Agreement is not contingent on whether the Court awards the amount sought for any Service Award or a lesser amount.

e. **Attorneys' Fees.** Class Counsel shall be allocated two million five hundred eighty-three thousand three hundred thirty-three dollars and thirty-three cents ($2,583,333.33) of the Gross Settlement Fund as a Fee Award as complete satisfaction of all claims by the FLSA Class Members and the Illinois Class Members and Class Counsel for attorneys' fees plus their actual out-of-pocket costs and expenses of any kind whatsoever (not to exceed two thousand dollars ($2,000)). Class Counsel shall apply to the Court for approval of payment of the Fee Award. Defendants and Defendants' Counsel shall not oppose such a request at the Court but reserve the right to do so in any appeal. If the Court awards a Reduced Fee Award, the balance of the Fee Award shall be deducted from the Gross Settlement Fund and shall remain with Defendants. Defendants shall pay the Reduced Fee Award approved by the Court, and the release and other terms of this Settlement Agreement shall continue to be fully effective and enforceable. If the Court purports to award a higher amount, Defendants shall only be obligated to pay the Fee Award. Without limiting the generality of the foregoing, any dispute regarding the amount of attorneys' fees or costs, and/or any appeal related thereto, shall not affect or delay the finality of this Settlement Agreement, and shall not affect or delay the entry of judgment and dismissal of the Lawsuit. FLSA Class Members, Illinois Class Members, and Class Counsel shall not be entitled to any attorneys' fees or expenses/costs in addition to those awarded by the Court pursuant to this Settlement Agreement and paid from the Gross Settlement Fund.

f. **Determination of Each FLSA Class Member's Available FLSA Settlement Share of the Net Settlement Fund And Determination of Each Illinois Class Member's Available Illinois Settlement Share of the Net Settlement Fund.**

    (1) The Net Settlement Fund shall be allocated among all FLSA Class Members and Illinois Class Members.

    (2) The Net Settlement Fund shall be allocated without regard to whether a FLSA Class Member timely executes and submits a Claim Form, but only those FLSA Class Members who properly and timely execute and submit a Claim Form shall have the right to be paid their Available FLSA Settlement Shares. Likewise, the Net Settlement Fund will be allocated without regard to whether an Illinois Class Member submits a Request for Exclusion, but only those Illinois Class Members who do not submit a Request for Exclusion will be paid their Available Illinois Settlement Shares.[1]

---

[1] The Available FLSA Settlement Shares and Available Illinois Settlement Shares explained here and attached to this Agreement as Exhibits are estimates for the purposes of this Settlement Agreement. The Parties have worked cooperatively and diligently to calculate these numbers and consider them to be accurate. To the extent that

(3)   The amount of each FLSA Class Member's Available FLSA Settlement Share shall be determined consistent with the Parties' most recent pre-mediation overtime calculations as follows:

     a)   By calculating during the Class Period, on a per workweek basis, the amount of overtime that would have been paid had the Responsibility Bonus been included in the regular rate for each FLSA Class Member. If that calculation results in a deficiency in any given workweek, then the sum of those deficiencies over the Class Period represents such FLSA Class Member's alleged FLSA damages.

     b)   Any putative FLSA Class Member whose alleged FLSA damages are zero dollars ($0) or less shall not participate in the Settlement or receive a Notice, each of whom are identified by personnel number on Exhibit 3.

     c)   Any FLSA Class Member whose alleged FLSA damages are more than zero will receive a minimum Available FLSA Settlement Share of at least $25. To accomplish this result, any FLSA Class Member whose alleged FLSA damages are between one cent ($0.01) and approximately thirty-eight dollars and sixty-eight cents ($38.68) shall receive an Available FLSA Settlement Share of approximately twenty-five dollars ($25.00)–the estimated net recovery from $38.68.

     d)   FLSA Class Members whose alleged FLSA damages are more than an estimated thirty-eight dollars and sixty-eight cents ($38.68) shall receive their Available FLSA Settlement Shares. Available FLSA Settlement Shares are determined by multiplying each FLSA Class Member's alleged FLSA damages by the following decimal number: Net Settlement Fund (estimated at $4,908,886.67) divided by (the total alleged FLSA damages plus total alleged IMWL damages (estimated at $7,595,033.94).

(4)   The amount of each Illinois Class Member's Available Illinois Settlement Share shall be determined consistent with the Parties' most recent pre-mediation overtime calculations as follows:

     a)   By calculating during the Class Period, on a per workweek basis, the amount of overtime that would have been paid had the Responsibility Bonus been included in the regular rate for each Illinois Class Member. If that calculation results in a deficiency in any given workweek, then the sum of those deficiencies over

---

adjustments need to be made to these numbers, the Parties believe that the Reserve Fund is sufficient to cover any adjustments.

the Class Period represents such Illinois Class Member's alleged IMWL damages.

b) Any putative Illinois Class Member whose alleged IMWL damages are zero dollars ($0) or less shall not participate in the Settlement or receive a Notice. These individuals are included among those individuals identified by personnel number on Exhibit 3.

c) Any Illinois Class Member whose alleged IMWL damages are more than zero will receive a minimum Available Illinois Settlement Share of at least $25. To accomplish this result, any Illinois Class Member whose alleged Illinois damages are between one cent ($0.01) and approximately thirty-eight dollars and sixty-eight cents ($38.68) shall receive an Available Illinois Settlement Share of approximately twenty-five dollars ($25.00) –the estimated net recovery from $38.68.

d) Illinois Class Members whose alleged IMWL damages are more than an estimated thirty-eight dollars and sixty-cents ($38.68) will receive their Available Illinois Settlement Shares (in addition to any FLSA award if they opt-in). Available Illinois Settlement Shares are determined by multiplying each Illinois Class Member's alleged IMWL damages by the following decimal number: Net Settlement Fund (estimated at $4,908,886.67) divided by (the total alleged FLSA damages plus total alleged IMWL damages (estimated at $7,595,033.94). A schedule of the estimated Available Illinois Settlement Shares is attached as Exhibit 2.

(5) All shares of the Net Settlement Fund that are not claimed during the claim period shall remain the property of Defendants except that the Parties agree that if less than sixty percent (60%) of the Net Settlement Fund is claimed by FLSA Class Members and Illinois Class Members, then the settlement payments of those FLSA Class Members returning Claim Forms shall be proportionally increased such that sixty percent (60%) of the Net Settlement Fund is distributed. In other words, if the Net Settlement Fund is four million dollars ($4,000,000) and only two million dollars ($2,000,000) in claims are made, then four hundred thousand dollars ($400,000) in additional funds would be allocated to the amount paid out to FLSA Class Members returning Claim Forms. The remaining amount not paid out shall be returned to Defendants. For purposes of calculating whether sixty percent (60%) of the Net Settlement is claimed, the settlement payments to Illinois Class Members shall be included.

(6) Defendants have provided payroll records and proposed calculations to Class Counsel to assist Class Counsel, but Class Counsel shall be solely

responsible for confirming the accuracy of allocation and calculation to establish each FLSA Class Member's Available FLSA Settlement Share and each Illinois Class Member's Available Illinois Settlement Share

(7) The Parties agree the method described above is a fair, reasonable, adequate and efficient method of calculating each FLSA Class Member's Available FLSA Settlement Share and each Illinois Class Members' Available Illinois Settlement Share from the Net Settlement Fund.

g. **Reliance on Payroll and Swipe Records; Rebuttable Presumption.** The foregoing calculations shall be based on the records for FLSA and Illinois Class Members made available by Defendants to Class Counsel. There shall be a rebuttable presumption that Defendants' records are correct, absent clear and convincing proof to the contrary. If there is any dispute regarding whether or when any person was employed in and regularly worked in a position in the FLSA Settlement Class or Illinois Settlement Class during the Class Period, the individual employment and payroll records maintained by Defendants shall be presumed accurate absent clear and convincing evidence to the contrary.

h. **Tax Allocations.** The Settlement payments to the Illinois Class Members for the Available Illinois Settlement Share shall be allocated to non-wage claims, including treble damages and interest. The Service Awards to the Named Plaintiffs shall be allocated to non-wage claims. Further, each FLSA Class Member's share of the Net Settlement Fund shall be allocated as follows: (1) fifty percent (50%) of the payment to each FLSA Class Member shall be allocated to wage claims and (2) fifty percent (50%) of the payment to each FLSA Class Member shall be allocated to all non-wage claims, including liquidated damages, interest and other applicable statutory penalties. The wage portion shall be subject to deductions as required by law. The non-wage portion or portions shall be paid without deductions, but a Form 1099 shall be issued by the Claims Administrator as required by law. Notwithstanding the foregoing, any amount of the Net Settlement Fund redistributed to FLSA Class Members if the claims do not equal or exceed sixty percent (60%) as described above in Paragraph 38(g)(3)(d), shall be allocated to non-wage claims. All employer-paid and due payroll taxes on the wage portions of this Settlement shall be paid out of the Gross Settlement Fund. For purposes of estimating the Net Settlement Fund, the Parties estimate approximately $100,000 in employer-side FICA taxes on a 60% claims rate.

i. **Tax Reporting.** Within the time period prescribed by applicable law, the Parties shall instruct the Claims Administrator to provide to each FLSA Class Member and Illinois Class Member receiving a payment from the Settlement fund an IRS Form W-2 (for wages) and an IRS Form 1099 (for non-wages), and corresponding state tax reporting forms. The Claims Administrator shall be instructed to provide the Named Plaintiffs an IRS Form 1099 (and corresponding state form) for any Service Awards received. The Claims Administrator shall be instructed to provide Class Counsel with an IRS Form 1099 (and corresponding state form) for the attorneys' fees and expenses/costs awarded to Class Counsel. Each FLSA Class Member and

Illinois Class Member shall be responsible for any tax liability associated with said Class Member's share of the Settlement.

## RELEASES BY THE NAMED PLAINTIFFS AND THE FLSA AND ILLINOIS SETTLEMENT CLASSES

39.    Upon Final Approval by the Court of the Settlement, the FLSA Class Members who submit Claim Forms shall fully discharge Releasees from any and all known or unknown claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, interests, and causes of action of whatever kind or nature relating in any way to the failure to properly compute wages during the Class Period or to the facts and claims that were alleged or that reasonably arise out of the acts alleged in the Lawsuit, which includes all claims for uncompensated time, minimum wages, overtime wages, or any other wages, including, but not limited to, claims arising under the FLSA, state statutes governing minimum wages, overtime wages, and payment of wages, wage notices, state common law (breach of contract, unjust enrichment and other common law claims), and any other federal, state, or local law, rule, regulation, ordinance, or public policy. The release includes claims under the IMWL. The release encompasses any claims, damages, costs, fees, or expenses that are derivative of the claims being released.

40.    The Illinois Class Members who do not request exclusion from the Settlement shall fully discharge Releasees from any and all known or unknown claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, interests, and causes of action of whatever kind or nature relating in any way to the failure to properly compute wages during the Class Period or to the facts and claims that were alleged or that reasonably arise out of the acts alleged in the Lawsuit, which includes all claims for uncompensated time, minimum wages, overtime wages, or any other wages, including, but not limited to, claims arising under the FLSA, state statutes governing minimum wages, overtime wages, and payment of wages, wage notices, state common law (breach of contract, unjust enrichment and other common law claims), and any other federal, state, or local law, rule, regulation, ordinance, or public policy. The release includes claims under the IMWL. The release encompasses any claims, damages, costs, fees, or expenses that are derivative of the claims being released. Notwithstanding the foregoing, Illinois Class Members who do not execute and return Claim Forms release all such claims except claims under the FLSA, without regard to whether they accept funds under the Settlement or personally execute any Claim Forms or releases.

41.    In consideration of the Service Award, each Named Plaintiff shall execute a General Release of all claims in the form attached hereto as Exhibit 4.

42.    In addition, for Illinois Class Members who execute and return Claim Forms and FLSA Class Members, the back of each check shall include the following release language: "I agree to all terms of the Settlement Agreement and Release in *Canas, et al. v. Smithfield Packaged Meats Corp., et al.*, and waive any right to bring suit for wages under state or federal law as stated therein." For Illinois Class Members who do not opt out and who do not return a Claim Form, the back of each check shall include the following release language: "I agree to all terms of the Settlement Agreement and Release in *Canas, et al. v.*

*Smithfield Packaged Meats Corp., et al.*, and waive any right to bring suit for wages under Illinois law as stated therein."

## DUTIES OF THE PARTIES PRIOR TO
## PRELIMINARY APPROVAL ORDER

43. Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an order (the "Preliminary Approval Order"):

   a. Preliminarily approving the Settlement;

   b. Certifying the FLSA Settlement Class and Illinois Settlement Class for purposes of the notice and claims process and determining whether the terms of this Settlement are fair, reasonable and adequate;

   c. Designating Named Plaintiffs as representative Plaintiffs under 29 U.S.C. § 216(b) and appointing them as class representatives under Fed. R. Civ. P. 23, and appointing Plaintiffs' Counsel as Class Counsel, for purposes of settlement only;

   d. Approving as to form and content the proposed Notice and Claim Form attached to the Parties' Motion for Preliminary Approval as Exhibit 5;

   e. Directing the mailing of the Notice and Claim Form by the Claims Administrator to the FLSA Class Members and Illinois Class Members by First Class U.S. Mail and email, if readily available from Releasee's records; and

   f. Scheduling the date, time and location of a fairness hearing pursuant to Fed. R. Civ. P. 23(e)(2) (the "Fairness Hearing") at least one hundred twenty (120) days after the entry of the Preliminary Approval Order, at which the Parties shall seek the Court's final approval of the Settlement.

## DUTIES OF THE PARTIES FOLLOWING
## PRELIMINARY APPROVAL ORDER

44. Within ten (10) days following the entry by the Court of a Preliminary Approval Order, Class Counsel shall deliver to Defendants' Counsel copies of the Agreement and General Release of all claims signed by each of the Named Plaintiffs.

45. Within ten (10) days following the entry by the Court of a Preliminary Approval Order, Defendants shall provide to the Claims Administrator a list of all FLSA and Illinois Class Members and their current or last known addresses, phone numbers, social security numbers, and, if known, email addresses as shown in Defendants' records. This information is not to be shared with Class Counsel and is to be treated by the Claims Administrator as confidential.

46. **Notice to the Class Members.** The Parties will direct the Claims Administrator to send by first class mail and email (if known) a copy of the Notice and Claim Form, substantially in the form of Exhibit 5 to the Parties' Motion for Preliminary Approval and approved by

the Court, including any modifications at the direction of the Court within thirty (30) days after entry of the Preliminary Approval Order.

a. Each FLSA and Illinois Class Member who properly and timely executes and submits to the Claims Administrator the Claim Form (or the electronic equivalent thereof on an Internet site to be established and maintained by the Claims Administrator) shall receive payment and shall be bound by the release and the dismissal with prejudice, as provided herein;

b. Each Illinois Class Member who properly and timely submits to the Claims Administrator a Request For Exclusion shall be excluded from the Illinois Settlement Class, shall not participate in the Settlement, shall not receive payment, and shall not be bound by the release or the dismissal with prejudice; or

c. Each FLSA Class Member who does not return a Claim Form shall not receive payment from the Net Settlement Fund. However, Illinois Class Members shall receive a check for their respective Available Illinois Settlement Share unless they execute individual Requests For Exclusion. Members of the Illinois Class shall be bound by the release and dismissal with prejudice as to all wage claims based on any state statute, rule, or regulation.

47. Any Notice and Claim Form returned to the Claims Administrator as undeliverable shall be sent to the forwarding address affixed thereto. The Parties agree that the deadlines contained herein shall not be extended for FLSA Class Members and Illinois Class Members whose Notices and Claim Forms were returned as undeliverable and re-mailed pursuant to this paragraph.

48. FLSA Class Members and Illinois Class Members shall have ninety (90) days from the date of first mailing of the Notice and Claim Form within which to return their Claim Forms to the Claims Administrator or to submit any Requests for Exclusion. Any Claim Forms or Requests for Exclusion must actually be received by the Claims Administrator on or before the ninetieth day from the date of first mailing of the Notice and Claim Form.

## OBJECTIONS TO SETTLEMENT

49. Any Illinois Class Member, other than the Named Plaintiffs, may object to this Settlement, provided that such objections are made in writing and filed with the Court and served on counsel for the Parties no later than ninety (90) days from the date of first mailing of the Notice and Claim Form. Such objection shall include the case identifying information specified in the Notice and Claim Form. No individual may be heard at the final Fairness Hearing who has not complied with this requirement. Any individual who fails to comply with this requirement shall be deemed to have waived any right to object and any objection to the Settlement.

50. In the event that Class Counsel or Defendants' Counsel receives any objections to the Settlement that the objecting Illinois Class Member has not filed with the Court, they shall promptly exchange copies of such objections with one another and with the Claims Administrator and Class Counsel shall file copies with the Court.

51.    The Parties shall direct the Claims Administrator to provide (in electronic format, suitable for filing with the Court) copies of all executed and returned Claim Forms and Requests for Exclusion. Class Counsel shall file such materials with the Court at least five (5) days prior to the Fairness Hearing.

52.    The Parties shall direct the Claims Administrator to provide to Class Counsel and Defendants' Counsel a declaration by the Claims Administrator outlining the Claims Administrator's actions in mailing the Notice and Claim Form and receiving Claim Forms, Requests for Exclusion, or any other responses or communications from FLSA Class Members or Illinois Class Members. Class Counsel shall file that declaration with the Court at least five (5) days prior to the Fairness Hearing.

53.    None of the Parties, their counsel, or any person on their behalf, shall solicit or otherwise encourage anyone to object to the Settlement, to return a Request For Exclusion, or to appeal from any order of the Court that is consistent with the terms of this Settlement Agreement.

## COURT APPROVAL; POTENTIAL VOIDING
## OF THE SETTLEMENT AGREEMENT

54.    This Settlement Agreement is subject to approval by the Court.

55.    Within one hundred ten (110) days after the date of first mailing of the Notice and Claim Form, and not less than fifteen (15) days before the Fairness Hearing, the Parties shall apply to the Court for a Final Approval Order finally approving the Settlement as fair, adequate and reasonable, and shall submit a proposed Final Approval Order and Judgment dismissing the Lawsuit with prejudice. The proposed Final Approval Order shall:

   a.    Approve the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

   b.    Approve the payment of a Service Award to each Named Plaintiff of up to but not more than seven thousand five hundred dollars ($7,500.00) to each of the Named Plaintiffs;

   c.    Approve the Fee Award or the Reduced Fee Award (as applicable). However, if the Court purports to award a higher amount than the Fee Award, Defendants shall only be obligated to pay the Fee Award;

   d.    Approve the payment of the fees and expenses of the Claims Administrator as provided herein;

   e.    Exclude from the Settlement Class those persons who properly and timely have submitted Requests for Exclusion as provided in Fed. R. Civ. P. 23(c)(2)(B)(v) and as stated above; and

     f.     Direct entry of judgment dismissing the Lawsuit on the merits and with prejudice, and permanently bar all FLSA and Illinois Class Members from prosecuting any of the claims released by the terms of this Settlement Agreement.

56.     In the event this Settlement Agreement is not finally approved by the Court, Defendants shall not be obligated to make any payments to the Named Plaintiffs, Class Counsel, or any FLSA Class Members or Illinois Class Members under this Agreement.

57.     A failure of the Court to approve any material condition of this Settlement Agreement that makes a fundamental change to the material terms or conditions of the Settlement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby. However, neither party may void the Settlement Agreement based on the Court's non-approval of the Service Awards or any request for attorneys' fees and expenses/costs or based on the award of any lower amount of attorneys' fees and expenses/costs or Service Awards. The Court's failure to approve the Fee Award or the Service Award to any Named Plaintiff shall not render the Settlement Agreement unenforceable. Each Party may exercise its option to void this Settlement as provided in this paragraph by giving notice, in writing, to the other Parties and to the Court at any time prior to the later of the Court's final approval of the Settlement or within one (1) business day following the entry of any order or judgment effecting a change that authorizes voiding under this paragraph. If this Settlement is voided, this Settlement Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the Lawsuit prior to the Settlement; and neither this Settlement Agreement nor any ancillary documents, actions or filings shall be admissible or offered into evidence in the Lawsuit or any other action for any purpose.

## SETTLEMENT PAYMENTS

58.     Within five (5) days after the Settlement Effective Date, Class Counsel and Defendants' Counsel, with the assistance of the Claims Administrator, shall complete the following determinations:

     a.     Defendants shall provide to Class Counsel, to the extent not already provided, the information reasonably necessary for Class Counsel to compute each FLSA Class Member's Available FLSA Settlement Share of the Net Settlement Fund and each Illinois Class Member's Available Illinois Settlement Share using the method stated in this Settlement Agreement. Defendants shall provide this information on a confidential basis.

     b.     With the assistance of Defendants' Counsel and the Claims Administrator, Class Counsel shall confirm each FLSA Class Member's Available FLSA Settlement Share of the Net Settlement Fund and each Illinois Class Member's Available Illinois Settlement Share as provided above, taking into account the extent to which any putative FLSA Class Member or Illinois Class Member has been excluded from the Class pursuant to request, and taking into account the Court's rulings on the awards of attorneys' fees and expenses/costs, Service Awards, and the fees and

expenses of the Claims Administrator at or following the Fairness Hearing and taking into account the percentage of the Net Settlement Fund claimed by those opting-in and the amount paid out to Illinois Class Members; and

c.     The Parties shall determine the total amount of the Available FLSA Settlement Shares that are to be paid to those FLSA Class Members who properly and timely executed and submitted Claim Forms. The Parties shall also determine the total amount of the Available Illinois Settlement Shares payable to those members of the Illinois Settlement Class regardless of whether those Illinois Class Members submit a Claim Form. The funds for Available FLSA Settlement Shares associated with those FLSA Class Members who did not properly and timely execute and submit Claim Forms shall not be included in said total amount, shall not be owed or payable, and shall remain the property of Defendants. Those FLSA Class Members who did not properly and timely execute and submit Claim Forms shall have no right to any payment under this Settlement.

d.     The Parties shall direct the Claims Administrator to determine the estimated amount of the employer share of payroll taxes on the wage portions of payments to be made to those FLSA Class Members, and shall notify the Parties of that amount, which shall be deducted from the Gross Settlement Fund before a final calculation of each FLSA Class Member's Available FLSA Settlement Share and Illinois Class Member's Available Illinois Settlement Share are calculated.

59.     Within ten (10) days after the Settlement Effective Date, Defendants shall transfer by wire transfer to the account of the Claims Administrator an amount that includes the following amounts for distribution in accordance with the Settlement:

a.     An amount equal to the total amount of the Available FLSA Settlement Shares for those FLSA Class Members who properly and timely executed and submitted Claim Forms;

b.     An amount equal to the total amount of the Available Illinois Settlement Shares for those Illinois Class Members who did not request exclusion;

c.     The amounts approved by the Court at or following the Fairness Hearing for:

(1)     The award to Class Counsel of attorneys' fees and expenses/costs subject to the limitations in Paragraph 38(e) above;

(2)     The Service Awards to the Named Plaintiffs; and

(3)     The amount approved by the Court for payment of the fees and expenses of the Claims Administrator.

d.  Any other amount due under this Agreement, including but not limited to the Reserve Fund.

60.     Within fifteen (15) days after the Settlement Effective Date, the Parties will direct the Claims Administrator to distribute the appropriate amounts as follows:

   a.     The Claims Administrator shall issue two checks to each FLSA Class Member who properly and timely executed and submitted a Claim Form, one check for the net wage amount (after withholding) and one check for the non-wage amount. Each check shall bear the release language on the back of the check as stated above. The Claims Administrator shall send those checks to each FLSA Class Member by First Class U.S. Mail.

   b.     The Claims Administrator shall issue one check to every Illinois Class Member, except for those who submit a Request For Exclusion, representing a non-wage payment amount. Each check shall bear the release language on the back of the check as stated above. The Claims Administrator shall send those checks to each Illinois Class Member by First Class U.S. Mail.

   c.     The Claims Administrator shall issue checks to each of the Named Plaintiffs for the Service Award payments and shall send those checks to each Named Plaintiff by First Class U.S. Mail.

   d.     The Claims Administrator shall deliver to Class Counsel the Fee Award or Reduced Fee Award, as approved by the Court, either by check or by wire transfer, at the election of Class Counsel.

   e.     The Claims Administrator shall disburse to itself payment of the fees and expenses of the Claims Administrator that have been approved by the Court.

61.     Within ten (10) days after the Court's entry of a Preliminary Approval Order, the Defendants shall pay One Hundred Thousand Dollars ($100,000) to the Claims Administrator towards its costs of administering the Settlement. This payment shall be credited against the Claims Administrator payment referenced in paragraph 59(c)(3) above. To the extent that the Settlement is not finally approved, the Defendants shall receive this payment back less any fees and costs actually earned and incurred by the Claims Administrator, which shall be shared equally between Class Counsel and Defendants.

62.     The Parties shall direct the Claims Administrator to withhold each employee's share of taxes on the wage portions and to remit said taxes, with the employer's share of payroll taxes, to the appropriate taxing authorities as required by law. The Claims Administrator shall issue tax reporting forms (*e.g.*, W-2 and 1099) to the payees as required by law.

63.     Class Members shall have one hundred eighty (180) days after delivery of the checks to cash their checks. If any Class Members do not endorse the release language and cash their checks within one hundred eighty (180) days after delivery and their check is not returned, their checks shall be void and the Claims Administrator shall place a stop-payment order on such checks. The Claims Administrator shall make reasonable efforts to locate any Class Members who have not cashed his or her checks after one hundred (100) days to remind such Class Members to cash their checks. The Claims Administrator may issue replacement checks if it locates a Class Member. If a Class Member's check still is not

17

cashed within the one hundred eighty (180) days referenced in this paragraph, those Class Members shall be deemed to have waived irrevocably any right in or claim to an Available FLSA Settlement Share, but the Settlement Agreement and release contained herein shall nevertheless be binding upon them. The funds from any uncashed checks shall be paid by the Claims Administrator to Feeding America's COVID-19 Response Fund. If in excess of $5,000.00, the Claims Administrator shall promptly exercise reasonable efforts to seek a refund from the relevant tax authority of any taxes previously paid in connection with the uncashed settlement amounts. Upon receipt of any refunded taxes, the Claims Administrator must promptly return those amounts to Defendants.

## MUTUAL FULL COOPERATION

64.     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and Defendants' Counsel, take all necessary steps to secure the Court's approval of this Settlement.

## ENFORCEMENT ACTIONS

65.     This Settlement Agreement is fully enforceable in the Court. The Parties consent to the jurisdiction of the Court to enforce the Settlement.

## NOTICES

66.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by any party to this Settlement Agreement shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by first class or certified mail, or overnight carrier, return receipt requested, addressed as follows:

To the Plaintiffs and FLSA and Illinois Settlement Classes:

David J. Fish, Esq.
John Kunze, Esq.
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563

18

<u>To the Defendants</u>:

D. Christopher Lauderdale, Esq.
T. Chase Samples, Esq.
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601

## CONSTRUCTION

67.    The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties. This Settlement Agreement has been drafted jointly by counsel for the Parties and shall not be construed in favor of or against any Party.

## CAPTIONS AND INTERPRETATIONS

68.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

## MODIFICATION

69.    This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties and expressly referring to this Settlement Agreement. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

70.    This Settlement Agreement and its attachments, including the executed Agreement and General Releases by the Named Plaintiffs in the form attached hereto, and the Claim Form constitute the entire agreement between the Parties relating to the Settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. The Parties expressly acknowledge that they have not relied on any representations or promises not expressly contained in this Settlement Agreement. No rights hereunder may be waived except in writing.

## BINDING SCOPE; NO PRIOR ASSIGNMENTS

71.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## CLASS COUNSEL SIGNATORIES AND PARTIES' AUTHORITY

72.     It is agreed that, because the FLSA and Illinois Class Members are so numerous, it is impossible or impractical and not required to have each FLSA and Illinois Class Member execute this Settlement Agreement. The Notice and Claim Form, Exhibit 5 to the Parties' Joint Motion for Preliminary Settlement Approval, shall advise all FLSA and Illinois Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each FLSA and Illinois Class Member.

73.     The signatories hereby represent that as Class Counsel they have fully explained the Settlement to the Named Plaintiffs, provided them with copies of the Settlement Agreement, obtained the knowing and voluntary agreement of each of the Named Plaintiffs to the Settlement, and are fully authorized by the Named Plaintiffs to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

74.     Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate and execute this Settlement Agreement and to take all appropriate action required to effectuate the terms hereof and to execute any other documents required to effectuate the terms of this Settlement Agreement.

## PUBLICITY

75.     Named Plaintiffs and Class Counsel agree to limit any media comments or publications to "The matter has been resolved." The inclusion of this provision in the agreement is subject to the Court ruling that the provision is not contrary to public policy or otherwise legally improper. If the Court concludes this provision is improper, the provision shall be deleted from the Settlement Agreement and such deletion shall not affect the validity of the remainder of the Agreement.

## COUNTERPARTS

76.     This Settlement Agreement may be executed in one or more counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures. All executed copies of this Settlement Agreement, and photocopies thereof, shall have the same force and effect and shall be legally binding and enforceable as the original.

## GOVERNING LAW

77.     All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of Illinois and the United States of America, where applicable.

03/16/2021

Agreed this _____ day of March, 2021.

| For Defendants: | For Plaintiffs: |
| --- | --- |

| /s/ *Christopher Lauderdale* | /s/ David Fish |
|---|---|
| Jeffrey L. Rudd<br>150 North Michigan Avenue<br>Suite 2500<br>Chicago, IL 60601<br>Telephone: (312) 803-2547<br>Facsimile: (312) 787-4995<br>Email: Jeffrey.Rudd@jacksonlewis.com<br><br>D. Christopher Lauderdale (SC Fed. Bar No. 9051)<br>Thomas Chase Samples (SC Fed. Bar No. 10824)<br>15 South Main Street, Suite 700<br>Greenville, South Carolina 29601<br>Telephone: 864-232-7000<br>Facsimile: 864-235-1381<br>Email: lauderdc@jacksonlewis.com<br>      chase.samples@jacksonlewis.com | David J. Fish, Esq.<br>John Kunze, Esq.<br>The Fish Law Firm, P.C.<br>200 E. 5th Avenue, Suite 123<br>Naperville, IL 60563<br>(630)355-7590 Office<br>(331) 425-7087 Direct<br>(630) 778-0400 Facsimile<br>Email: dfish@fishlawfirm.com<br>      kunze@fishlawfirm.com |

4821-8100-6812, v. 4

21