IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS CANAS and VANESSA MESCHINO, on behalf of themselves and all plaintiffs similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SMITHFIELD PACKAGES MEATS CORP., SMITHFIELD FRESH MEATS CORP., and KANSAS CITY SAUSAGE COMPANY, LLC, | ) ) ) ) |
| Defendants. | ) |

## FINAL APPROVAL AND DISMISSAL ORDER

The above-captioned matter (the "Action") having come before the Court on Plaintiffs' unopposed motion [46] seeking final approval of the parties' class action settlement, attorneys' fees, costs, and incentive awards, the terms of which are set forth in the Settlement Agreement [46-2] between Plaintiffs Douglas Canas and Vanessa Meschino ("Plaintiffs") and Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp. and Kansas City Sausage Company, LLC ("Smithfield" or "Defendants") (collectively referred to as the "Parties"); the Court having been advised in the premises, and having duly considered the papers and arguments of all interested parties, and having held a Final Approval Hearing on September 9, 2021, hereby orders:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

2. This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties to the Action, including all FLSA and Illinois Settlement Class Members.

3. On March 25, 2021, this Court preliminarily approved the Settlement Agreement. *See* [44].

4. Notice to the FLSA Settlement Class and Illinois Settlement Class has been provided to the fullest extent reasonably possible in accordance with the Court's Preliminary Approval Order; the substance of and dissemination program for the Notice, which included direct notice through the U.S. Mail, the best practicable notice under the circumstances, reasonably calculated under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to join the FLSA Settlement Class, object to or exclude themselves from the Settlement Agreement, and to appear at the Final Approval Hearing, was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and such notice fulfilled the requirements of Federal Rule of Civil Procedure 23, 29 U.S.C. §216(b) and due process.

5. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues and is supported by the Named Plaintiffs and Class Counsel. The Class Representatives and Class Counsel adequately represented the FLSA Settlement Class and Illinois Settlement Class for purposes of entering into and implementing the Settlement Agreement. Based upon Fish Potter Bolaños, P.C.'s experience in

litigating class actions, including claims under the Fair Labor Standards Act and Illinois Minimum Wage Law, the Court confirms Class Counsel's preliminary appointment.

6. The Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the FLSA Settlement Class and Illinois Settlement Class in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in maintaining the class action through trial and appeal.

7. The Settlement consideration constitutes fair value given in exchange for the Released Claims against the Releasees. The Court finds the consideration to be paid to FLSA Settlement Class and Illinois Settlement Class Members is reasonable, considering the facts and circumstances of the claims and affirmative defenses available in the Action and the potential risks and likelihood of success of alternatively pursing litigation on the merits.

8. No FLSA or Illinois Settlement Class Member has objected to any of the terms of the Settlement Agreement. No Illinois Class Member has requested exclusion from the Settlement.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:

9. The Settlement Agreement is finally approved as fair, reasonable, and adequate as to, and in the best interests of, the FLSA Settlement Class and Illinois Settlement Class Members. The Parties shall implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and those

FLSA Settlement Class Members who opted-into the Settlement and all Illinois Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

10. The Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

11. Other than as provided in the Settlement Agreement and this Order, the Parties shall bear their own costs and attorneys' fees.

12. Upon the Effective Date of the Settlement Agreement, Plaintiffs, FLSA Settlement Class Members who opted-in and all Illinois Settlement Class Members by operation of this Final Judgement shall be fully bound by the release set forth in the Parties' Settlement Agreement and are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any released claim under the Parties' Settlement Agreement.

13. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Judgement; and (ii) do not limit the rights of the Illinois Settlement Class Members.

14. The Court awards to Class Counsel $2,583,333.33 as a fair and reasonable attorneys' fee, which shall include all attorneys' fees associated with the Action. In addition, Class Counsel shall receive reimbursement of costs in the

4

amount of $2,000 associated with the Action. These amounts shall be paid out of the Gross Settlement Fund, as called for in the Parties' Settlement Agreement.

15. The Court awards to the two named Plaintiffs, Douglas Canas and Vanessa Meschino, an incentive award of $7,500 each for their time and effort serving the Settlement Class in this Action. This amount shall be paid from the Gross Settlement Fund, pursuant to the terms of the Settlement Agreement.

16. The Court approves the payment of $120,800 in fees and expenses incurred by the Claims Administrator, as approved by Class Counsel. This amount shall be paid from the Gross Settlement Fund pursuant to the terms of the Settlement Agreement.

17. Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Judgment.

18. This Action is dismissed without prejudice. Absent reinstatement by June 9, 2022, this dismissal shall automatically convert to a dismissal with prejudice on that date. The parties shall submit a final accounting report to the Court's proposed order inbox by March 9, 2022.

Dated: September 13, 2021

Entered:

_____
John Robert Blakey
United States District Judge